Per Curiam.

Belator in this action is seeking to compel the respondent to furnish him without charge the records per- *532 taming to relator’s prosecution, including a transcript of testimony. The right of an indigent defendant to free copies of the record of his criminal prosecution arises primarily from the provisions of Section 2953.03, Revised Code, which reads in part as follows:
‘ ‘ The judge of the trial court in a felony case may, because of the poverty of the defendant, in the interest of justice, order the bill of exceptions and transcript, or either, paid from the county treasury in the manner provided in Section 2301.24 of the Revised Code, and order the amount in money so paid charged as costs in the case. In cases where the court grants a motion to prepare a bill of exceptions for the defendant at the expense of the state, as herein provided, and there is not sufficient time to file it, as provided by Section 2945.65 of the Revised Code, the court shall extend such time, not exceeding 30 days from granting such motion. ’ ’
It is clear that the purpose of this section is not to furnish reading matter for an accused but to ensure him an equal right of appeal with more fortunate persons who have the means to pay for such records. This is the purpose of this section and nothing more.
Thus it may be seen that the right of an indigent defendant to be furnished free copies of the records of his prosecution is not absolute but is dependent upon whether such records are necessary for the prosecution of a pending appeal. To enforce such right by mandamus, the defendant must have a clear present right to such records.
It is axiomatic that a clear legal right must be established before a writ of mandamus will issue. 35 Ohio Jurisprudence (2d), 254, Mandamus, Section 13. This right to a writ of mandamus must be a present right, that is, one to which the relator would be entitled at the time the writ would issue.
Here, the relator entered a plea of guilty to the indictment. In view of such fact it is difficult to see how a transcript would be necessary for him to perfect an appeal. In order to prevail in an action in mandamus, relator must allege and prove that the transcript is necessary for him to perfect an appeal. An examination of the petition and briefs in support thereof show no such necessity.
*533 No present clear legal right to snch records having been shown,-the writ must be denied.

Writ denied.

Taft, C. J., Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.